UNITED STATES BANKRUPTCY COURT
DISTRICT OF MAINE

| | |
|---|---|
| In re:<br><br>Kevin B. Dean,<br><br>                    Debtor | Chapter 11<br>Case No. 20-20427 |
| Kevin B. Dean,<br><br>                    Plaintiff<br>   v.<br><br>Emile Clavet,<br><br>                    Defendant | Adv. Proc. No. 21-2001 |

### ORDER ABSTAINING FROM AND REMANDING PROCEEDING

The Defendant asks the Court to abstain from hearing this adversary proceeding under 28 U.S.C. § 1334(c)(2). [Dkt. No. 7.] He also asks the Court to remand this proceeding to the Maine Business and Consumer Court under 28 U.S.C. § 1452(b). [Dkt. No. 8.] The Plaintiff opposes both requests. *See* [Dkt. No. 13 & 14]. The Defendant's motions are hereby granted.

Abstention is required if, following a timely request, the Court determines that: (1) federal jurisdiction over the proceeding exists solely under 28 U.S.C. § 1334; (2) the proceeding is based on a state law claim or cause of action; (3) the proceeding is related to a case under the Bankruptcy Code, but does not arise in or arise under the Bankruptcy Code; and (4) the cause of action was commenced in state court and can be timely adjudicated in that forum. 28 U.S.C. § 1334(c)(2). Each of these requirements is met here. This proceeding—an action for dissolution of, dissociation from, and breach of fiduciary duty in connection with certain business entities—neither arises in nor arises under the Bankruptcy Code. The claims are not based on or created by the Bankruptcy Code

and, as a result, the proceeding is not one arising under title 11.  See New England Power & Marine, Inc. v. Town of Tyngsborough (In re Middlesex Power Equip. & Marine, Inc.), 292 F.3d 61, 68 (1st Cir. 2002).  While the precise boundaries of "arising in" jurisdiction may be hard to set, this proceeding does not fit into that type of jurisdiction either.  The proceeding was commenced in state court before bankruptcy ensued and cannot be described as a proceeding that would have no existence outside of bankruptcy.  See id.  The proceeding could, however, have an effect on the bankruptcy estate, and is therefore related to a case under title 11 for jurisdictional purposes.  See id.

None of these conclusions are altered by Bancboston Real Estate Capital Corp. v. JBI Assocs. Ltd. P'ship (In re Jackson Brook Inst., Inc.), 227 B.R. 569 (D. Me. 1998), where the District Court held that mandatory abstention from a removed foreclosure action was not required because that action affected one of the primary assets of the debtor's estate.  That decision rests, in part, on language that is not currently found in 28 U.S.C. § 157(b) and, further, Jackson Brook's delineation of "core proceedings" appears to collide with later pronouncements by the First Circuit Court of Appeals relating to the scope of jurisdiction under 28 U.S.C. § 1334(b).[1]  The Plaintiff also insists that this matter cannot be timely adjudicated in state court because of the backlogs resulting from the pandemic.  The Court is unpersuaded.  A review of the state court record reveals that the assigned judge was ready to conduct a status conference in this action during the pandemic, and that she and the court-appointed Special Master were familiar with the parties' disputes.

Given the conclusion that mandatory abstention is warranted, remand of this removed proceeding under 28 U.S.C. § 1452(b) is also appropriate.  This decision does not, by itself, limit the

---

[1]  Here, although the subject matter of the removed action—the parties' respective interests in their jointly-owned business entities—overlaps with the Plaintiff's efforts to reorganize around his interests in those same entities, that overlap does not give rise to the type of jurisdiction that would defeat the Defendant's motion for abstention.  That sort of jurisdiction is reserved for claims or rights that are either created by the Bankruptcy Code, or by their nature could only arise in a bankruptcy case.  See Gupta v. Quincy Med. Ctr., 858 F.3d 657, 662-63 (1st Cir. 2017).

- 2 -

applicability of the automatic stay under 11 U.S.C. § 362 as to the property of the Plaintiff's bankruptcy estate, including his interests in the business entities at issue in this proceeding. *See* 28 U.S.C. § 1334(d)-(e). Abstention and remand is warranted, nevertheless, to set the stage for further proceedings in the Business Court if and when the stay is later modified or terminated. In the meantime, while the Plaintiff pursues confirmation of his chapter 11 plan, the Court will, on its own initiative, enter an order in the chapter 11 case modifying the stay (to the extent that such modification is necessary) to permit the court-appointed Special Master in this proceeding to continue exercising the rights and performing the duties assigned to him by the Business Court. In all other respects, this proceeding shall remain subject to the automatic stay to the extent provided in 11 U.S.C. § 362(a).

Date: March 24, 2021

                                      Michael A. Fagone
                                      United States Bankruptcy Judge
                                      District of Maine